UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEWEL A. JOSIAH,

Plaintiff,

v. Case No. 8:26-cv-1848-WFJ-CPT

CLYDE A. STVALLE,

Defendant.
_____________________/

**REPORT AND RECOMMENDATION**

Before me on referral is pro se Plaintiff Jewel Josiah's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion). Also before me is Ms. Josiah's complaint against Defendant Clyde Stvalle (Doc. 1) and Ms. Josiah's motion to supplement that pleading (Doc. 3). For the reasons discussed below, I respectfully recommend that Ms. Josiah's IFP Motion be denied without prejudice, that her complaint be dismissed with leave to amend, and that her motion to supplement be denied.

I.

The nature of this case is difficult to discern due to the scant factual allegations contained in Ms. Josiah's complaint.[1] (Doc. 1). Construing that pleading liberally

[1] Those allegations are set forth in two sentences in the complaint, one in the section of the complaint titled "Statement of Claim" and the other in the section captioned "Relief." (Doc. 1).

and reading it in conjunction with Ms. Josiah's IFP Motion, it appears that Ms. Josiah previously worked for Mr. Stvalle in Tampa, Florida. (Docs. 1, 2). According to Ms. Josiah, Mr. Stvalle "abused his position," tried to secure an order enjoining her from stalking him, "damaged" her arm by "overworking" her, and then fired her because she "was going to write him up." (Doc. 1).[2]

In support of her claim of indigency, Ms. Josiah attests that she is currently unemployed and on public assistance, that she has $2,000 in a savings account, and that her sole asset is a 2015 Mercedes worth $4,000. (Doc. 2). Josiah also represents that her monthly expenses total more than $500 and that she is residing with a friend "until [she] can back on [her] feet." *Id.*

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must establish that the litigant, because of her poverty, is unable to pay the court fees and costs and to "provide necessities for [herself] and [her] dependents."

---

[2] While Ms. Josiah does not identify in her complaint when these events occurred, it seems from the employment information in her IFP Motion that they took place in or around March 2026. (Doc. 2).

*Id.* at 1307 (internal quotation marks and citation omitted). In assessing whether a litigant is indigent, "courts will generally look to whether she is employed, her annual salary, and any other property or assets she may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, the district court must also review and dismiss a plaintiff's complaint sua sponte if it determines the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure direct that a court must dismiss a complaint "[i]f the court determines at any time that it lacks subject[ ]matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Jara v. Núñez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, although pro se pleadings are to be construed liberally, courts are not to "act as de facto counsel" for unrepresented litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

I begin my analysis with Ms. Josiah's IFP Motion, which I find to be wanting. Notably, Ms. Josiah fails to provide information specifically requested in the standard IFP form she utilizes—namely, whether she expects any major changes in her monthly income during the next twelve months. (Doc. 2). As a result of this omission, I cannot make a fully informed determination as to whether Ms. Josiah is indigent for purposes of section 1915. *See Bridge Golde v. Hardin*, 2026 WL 1223706, at *1 (M.D. Fla. May 5, 2026) (rejecting the plaintiff's IFP motion because it "present[ed] incomplete answers" and requiring the plaintiff to submit a "long-form IFP application" containing "honest and detailed answers to *every* question in the form"); *Howard v. Seminole Cnty. Clerk of Ct.*, 2025 WL 2147079, at *1 (M.D. Fla. June 2, 2025) (denying an IFP motion, in part, because it was "incomplete" and included "blanks" that precluded an accurate assessment of the plaintiff's financial situation), *report and recommendation adopted*, 2025 WL 2144649 (M.D. Fla. July 29, 2025); *Alexander v. Wells*, 2024 WL 4884967, at *2 (M.D. Fla. Nov. 6, 2024) (denying the plaintiff's IFP motion because he did not fill out his financial affidavit properly, including by failing

to answer all of the listed questions), *report and recommendation adopted*, 2024 WL 4881263 (M.D. Fla. Nov. 25, 2024).

IV.

Irrespective of whether Ms. Josiah may proceed with this action without paying the filing fee, her complaint is fatally flawed because, at a minimum, she does not establish that the Court has subject matter jurisdiction over this action and does not abide by the strictures of Federal Rules of Civil Procedure 8 and 10. Each of these shortcomings will be addressed in turn.

A.

It is well settled that "[f]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citation omitted); *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 174–78 (1803) (discussing the jurisdictional limitations of federal courts under Article III of the United States Constitution). In practice, a federal court's subject matter jurisdiction is most often found "arising under" the laws of the United States pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) or based upon the "diversity" of the parties under 28 U.S.C. § 1332 (i.e., diversity jurisdiction). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332); *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam)[3] (same).

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Federal question jurisdiction exists "where a case presents a federal question on the face of the plaintiff's well-pleaded complaint." *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1299 (M.D. Fla. 2018) (citing *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011)). Diversity jurisdiction, on the other hand, is present when there is complete diversity of citizenship among the parties (i.e., that no plaintiff is a citizen of the same state as any defendant), and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000[.]") (citations omitted). The citizenship of an individual in this context is determined by where she is "domicile[d]," which necessitates a showing of "both residence in a state and 'an intention to remain there indefinitely[.]'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (internal quotation marks and citations omitted). To cross the $75,000 threshold, a plaintiff must claim "a sufficient sum in good faith." *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Regardless of whether a plaintiff seeks to invoke a court's federal question or diversity jurisdiction, she must include in her complaint a short and plain statement alleging enough facts that, if taken as true, show that the court has subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 8(a)(1); *see also Travaglio*, 735 F.3d at 1268–69 (citation omitted). "The burden for establishing federal subject matter

jurisdiction rests with the [plaintiff]." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Ms. Josiah does not meet her burden here. I note as an initial matter that in the standard complaint form she uses, Ms. Josiah does not check the box designating whether she is proceeding under the Court's federal question jurisdiction, its diversity jurisdiction, or both. *See* (Doc. 1). Even putting aside this infirmity, the averments in her complaint are inadequate to establish the Court's subject matter jurisdiction in any event. With respect to federal question jurisdiction, nowhere in Ms. Josiah's complaint does she cite any federal statute or any provision of the United States Constitution upon which her case against Mr. Stvalle is purportedly predicated. *See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010) (deeming federal question jurisdiction to be absent where the plaintiff's complaint was "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's claim arose] . . . under federal law").

As for diversity jurisdiction, Ms. Josiah alleges in her complaint—rather confusingly—that she and Mr. Stvalle both reside in Florida and in the Virgin Islands. (Doc. 1). Under either scenario, the requirement of complete diversity is not met. *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction . . . requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").

Nor does Ms. Josiah aver facts showing that the amount in controversy surpasses $75,000. (Doc. 1). In fact, she ignores this jurisdictional prerequisite altogether in her complaint. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (concluding that the district court correctly dismissed the plaintiff's claim because the plaintiff did not demonstrate a necessary element of subject matter jurisdiction). Ms. Josiah's complaint is subject to dismissal based on these deficiencies alone.

B.

In addition to being jurisdictionally infirm, Ms. Josiah's complaint does not meet the pleading standards outlined in Rules 8 and 10. Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in [her] complaint." *McCurry v. Metro. Life Ins.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). It mandates, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly dictates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity," that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she is] claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the [pleader has] stated any claims upon which relief can be

granted[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Ms. Josiah's bare-bones complaint does not satisfy these pleading requirements here. That pleading—as discussed at the outset—contains a paucity of factual allegations that are devoid of any meaningful details. (Doc. 1). It also does not cite a single statute or law that Mr. Stvalle has supposedly violated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 788 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotation marks and citation omitted); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) ("Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). The fact that Ms. Josiah is proceeding pro se does not relieve her of her obligation to adhere to the dictates of Rules 8 and 10. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (footnote omitted); *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) (per curiam) ("Although pro se complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings."); *Simpson v. Recksiedler*, 2025 WL 959158, at *6 n.8 (M.D. Fla. Mar. 31, 2025) (stating that a pro se plaintiff must "ensure that [her] . . . complaint . . . complie[d] with all applicable pleading requirements and procedural rules") (quotation marks and internal citation omitted)

(citing *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam)).

V.

Turning to Ms. Josiah's motion to supplement, that submission appears to be comprised of documents relating to the anti-stalking order Mr. Stvalle allegedly tried to obtain against Ms. Josiah. (Doc. 3). These documents do not impact my analysis and are not properly before the Court in any event, as they concern events that transpired before Ms. Josiah filed her complaint. *See* Fed. R. Civ. P. 15(d) (allowing supplemental pleadings only if they set out a "transaction, occurrence, or event that happened *after* the date of the pleading [sought] to be supplemented") (emphasis added); *see also Chickasaw Marine Servs., LLC v. Ladnier*, 2024 WL 1621901, at *1 (S.D. Ala. Apr. 15, 2024) ("[I]t is implicit in the logic of Rule 15(d) that a motion to supplement may be denied where the referenced events occurred before the filing of the original complaint.") (quoting *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010)). As a result, Ms. Josiah's motion to supplement fails.

VI.

Notwithstanding the above jurisdictional and pleadings issues, I respectfully submit that the Court should dismiss Ms. Josiah's complaint without prejudice and with leave to amend so that she can attempt to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Ed.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) (recognizing that plaintiffs must ordinarily be given at least one chance to amend their complaints to state a claim, unless amendment would be futile) (citing *Corsello v.*

*Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). If Ms. Josiah elects to file a revised complaint, however, I encourage her to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so. Ms. Josiah may obtain advice, for instance, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit free, limited guidance from attorneys on the procedures governing federal cases. To participate in this program, pro se litigants may schedule in-person or virtual appointments by calling the Clerk's Office at (813) 301-5400 or by visiting the Clerk's Office check-in window.[4] Appointments are available on Tuesdays between 1:00 p.m. and 2:30 p.m. Walk-ins are accepted as time allows as well. A brochure with more information about the program is available on the Court's website, which can be found at www.flmd.uscourts.gov/legal-information-program.

In addition to the "Legal Information Program," Ms. Josiah may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure, along with various forms for parties in federal lawsuits to use.

---

[4] The Clerk's Office is located on the Second Floor of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

VII.

Based upon the foregoing, I respectfully recommend that the Court:

1. Deny Ms. Josiah's IFP Motion (Doc. 2) and direct that no later than thirty (30) days from the date of the Court's Order, Ms. Josiah either pay the filing fee or fully complete and file a new IFP Motion, utilizing the "Long Form" application available on the Court's website at https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees.

2. Dismiss Ms. Josiah's complaint (Doc. 1) without prejudice.

3. Deny Ms. Josiah's motion to supplement (Doc. 3).

4. Grant Ms. Josiah permission to file, within thirty (30) days of the Court's Order, an amended complaint establishing the Court's jurisdiction over the action and setting forth one or more cognizable cause(s) of action that conform to the pleading requirements of the Federal Rules of Civil Procedure.

5. Caution Ms. Josiah that the failure to adhere to these directives may result in a dismissal of her action without further notice.

Respectfully submitted this 8th day of August 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Pro se Plaintiff